This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Gabrielle Black, by and through next friend Deborah Black (Gabrielle's grandmother), has appealed the order of the Medina County Court of Common Pleas granting Wadsworth Board of Education's motion for judgment on the pleadings. This Court affirms.
 I.
On March 20, 2000, Black filed suit against the Wadsworth City Schools ("Black I"). The suit was filed in connection with an incident where Gabrielle was allegedly pushed from a jungle gym by a classmate, suffering a broken ankle. Black alleged that school officials were previously notified that the classmate had threatened Gabrielle physical harm. The defendant filed a motion for judgment on the pleadings, claiming that the complaint named the Wadsworth City Schools — an entity that was not cognizable in a lawsuit pursuant to R.C. 3313.17, and that the complaint failed to allege an exception to sovereign immunity pursuant to R.C. 2744.02(B). The trial court granted the motion for judgment on the pleadings.
Black directly appealed to this Court on July 14, 2000. Black later filed a motion to voluntarily withdraw her appeal, which was granted by this Court before any substantive review was completed.
On July 24, 2000, Black filed suit again ("Black II"), this time naming the Wadsworth Board of Education ("the Board") as a defendant. The Board filed a motion for judgment on the pleadings because no exception to sovereign immunity was alleged, and the suit was barred by the doctrine of res judicata. The trial court granted judgment on the pleadings in favor of the Board.
Black has now appealed, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL [COURT] ERRED AS A MATTER OF LAW AND PREJUDICED THE CONSTITUTIONAL RIGHTS OF APPELLANT BY DISMISSING PLAINTIFF'S COMPLAINT RULING THAT IT WAS BARRED BY THE DOCTRINE OF RES JUDICATA[.]
 SECOND ASSIGNMENT OF ERROR THE TRIAL [COURT] ERRED AS A MATTER OF LAW AND PREJUDICED THE CONSTITUTIONAL RIGHTS OF APPELLANT BY DISMISSING PLAINTIFF'S COMPLAINT[,] RULING THAT IT WAS BARRED BY APPELLEE'S SOVEREIGN IMMUNITY[.]
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
Black argues that her subsequent lawsuit, Black II, was not barred by the doctrine of res judicata. Specifically, Black claims that resjudicata does not apply because the trial court never had jurisdiction in Black I since Wadsworth City Schools were not an entity that could be sued, thereby precluding application of the doctrine of res judicata. This Court disagrees.
The Ohio Supreme Court has set forth the parameters for the application of res judicata:
 The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062, citing Norwood v. McDonald (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'" Krahn, 43 Ohio St.3d at 107, 538 N.E.2d at 1062, quoting Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 195, 2 O.B.R. 732, 734, 443 N.E.2d 978, 981.
 MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc. (1997), 80 Ohio St.3d 212, 216-217.
The Ohio Supreme Court has held that the defense of res judicata may not be raised by way of a motion to dismiss under Civ.R. 12(B). State exrel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. Here, the trial court was ruling on such a motion when it concluded that res judicata
operated to bar Black II. Accordingly, res judicata was incorrectly applied in the instant case.
However, while the trial court erred in its reasoning for granting judgment on the pleadings pursuant to the doctrine of res judicata, the trial court reached the correct result. In Black I the claim failed to allege an exception to sovereign immunity. This failure was never corrected before the trial court granted judgment on the pleadings against Black. By failing to even allege an exception to sovereign immunity set forth in R.C. 2744.02(B), Black failed to state a meritorious claim. On this basis, the trial court reached the right result by dismissing Black II.
 III.
Black's first and second assignments of error are overruled. The judgment of the trial court granting judgment on the pleadings to the Wadsworth Board of Education is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J. CONCUR.